UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE KATRINA DREDGING LIMITATION<br>ACTIONS CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO. 06-8676 |
| PERTAINS TO<br>06-8676; 06-8884; 06-8888; 06-8890; 06-8891;<br>06-8922; 06-8967; 06-9075; 06-9223 | SECTION "K"(2) |

## ORDER AND REASONS

Before the Court is a Motion to Dismiss Protective Claims, Counterclaims and Third-Party Complaint as Moot and for Entry of Judgment of Exoneration (Doc. 197) which was brought by Great Lakes Dredge & Dock Company, L.L.C., Mike Hooks, Inc., T.L. James & Company, Inc., TLJIC, L.L.C., Gulf Coast Trailing Co., Manson Construction Co., Luhr Bros. Inc., King Fisher Marine Service, L.P., Pine Bluff Sand & Gravel Company and Weeks Marine, Inc. (collectively, "the Limitation Dredgers") and Bean Dredging, L.L.C., C.F. Bean L.L.C., Bean Stuyvesant, L.L.C., Stuyvesant Dredging Company, Stuyvesant Dredging, Inc. And Royal Boskalis Westminster N.V., in their own right and as successors to Bean Dredging Corporation, C.F. Bean Corporation, Bean Horizon Corporation and Bean Horizon L.L.C. (collectively "the Bean Entities" ).  These parties move that the protective claims and counterclaims filed by the Limitation Dredgers and the Bean Entities (Docs. 38, 45, 46, 48, 50, 52, 56, 60, 66, 67, 72-75, 78) and the Claimants' Third-Party Complaint (Doc. 112) be dismissed as moot, without prejudice to reinstatement.   In addition, with that dismissal, the Limitation Dredgers further move for entry of a final judgment of exoneration.   Having reviewed the pleadings, memoranda and the relevant law the Court finds merit in the motion.

**Background**

As this Court noted in its Order and Reasons of June 12, 2008 in which the Court granted the Limitation Dredgers' Motion to Dismiss Pursuant to 12(b)(1) and 12(c).  (Doc. 128), Hurricane Katrina flood victims filed in *In re Katrina Canal Breaches Consolidated Litigation*, C.A. No. 05-4182, two separate suits seeking damages for flooding based on these parties' MRGO dredging activities.  These suits, *Reed*, No. 06-2152 and *Ackerson,* No. 06-4066, were dismissed.  *See In re Katrina Canal Breaches Consolidated Litigation (Pertaining to Reed and Ackerson)*, 2007 WL 763742 (E.D.La. March 9, 2007).  However, prior to the dismissal of *Reed* and *Ackerman*, the dredgers filed a number of petitions for exoneration or limitation which were consolidated in the instant case.  As such, plaintiffs in *Reed* and *Ackerman* were given a second opportunity to assert their claims in these consolidated proceedings.

However, the Court in this matter dismissed the forty-seven claims and/or answers, as well as several thousand claims filed on behalf of tens of thousands of individuals, businesses and other entities allegedly harmed by Hurricane Katrina in large part based on its previous ruling in *Reed* and *Ackerman,* as well as its belief that the group liability theory pursued by these claimants was without merit.  In doing so, the Court anticipated that this matter would be consolidated for appeal with the above-mentioned *Reed* and *Ackerson* matters for the sake of judicial economy as they are related cases.  In order to facilitate this result, the Court ordered the Limitation Defendants to present to the Court the appropriate motion to dispose of the "protective claims and cross-claims filed by the Limitation Dredgers and the Bean Entities" which the Limitation Dredgers and the Bean Entities agreed had become moot with the granting

of the motion, as well as the Third-Party Complaint (Doc. 112) so that judgement could be entered forthwith.

On June 24, 2008, Claimants filed their Notice of Appeal based on 28 U.S.C. § 1292 (a)(3) as an interlocutory decree determining the rights and liabilities of parties to an admiralty case in which appeals from final decrees are allowed. While it is beyond peradventure that the Court in its June 12, 2008 adjudicated the rights of the Claimants in the consolidated limitation actions, it is equally evident that the Court intended to adjudicate all of the attendant claims and entire one final judgment as to all claims so that the entire matter could go up on appeal in conjunction with the *Reed* and *Ackerman* decisions.

On July 17, 2008, the subject Motion to Dismiss Protective Claims, Counterclaims and Third-Party Complaint as Moot and for Entry of Judgment of Exoneration (Doc. 197) was filed. In this motion, the Limitation Dredgers and the Bean entities maintain that the Court has the power to grant this motion and enter final judgment notwithstanding the fact that claimants have filed a "premature" notice of appeal. *Theriot v. ASE Well Serv, Inc.* 951 F.2d 84, 87-88 (5th Cir. 1992). They maintain all of the claims, Docs. 38, 45, 46, 48, 50, 52, 56, 60, 66, 67, 72-75, 78, except that contained in Doc. 60, are contingent on the claimants or counter-claimants being found liable for Katrina-related damages. Only the Claim by Luhr Bros., Inc. (Doc. 6) seeks contractual defense and indemnity against Mike Hooks, Inc. and Weeks Marine, Inc. Nonetheless, Luhr Bros., Inc. requests dismissal without prejudice of this claim as well. In addition, they seek the dismissal of the Third-Party Complaint filed against the United States.

Claimants oppose this motion contending:

    (1)    that this Court lacks jurisdiction to take further steps in this case during the pendency of the appeal;

    (2)    that there is no reason to dismiss the Claimants' third-party claim against the United States;[1] and

    (3)    that the Limitation Dredgers are not entitled to a judgment of exoneration from liability.

The Court will address these contentions seriatim.

**1.    Jurisdiction**

Regardless of whether Claimants appeal was premature since a separate judgment had not been entered with respect to that decision, *Theriot v. ASW Well serv., Inc.* 951 F.2d 84 (5th Cir. 1992), as noted in *Alice L., as next friend of R.L. a minor v. Dusek*, 492 F.3d 563 (2007):

> A notice of appeal from an interlocutory order does not produce a complete divestiture of the district court's jurisdiction over the case; rather, it only divests the district court of jurisdiction over those aspects of the case on appeal.  Our case law makes this point clearly: "It is the general rule that a district court is divested of jurisdiction upon the filing of the notice of appeal with respect to any matter involved in the appeal.  However, where an appeal is allowed from an interlocutory order, the district court may still proceed with matters not involved in the appeal." *Taylor v. Sterrett*, 640 F.2d 663, 667-68 (5th Cir. 1981); *see also Griggs v. Provident consumer Discount Co.,* 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance–it confers jurisdiction on the court of appeals and divests the district court of its control *over those aspects of the case involved in the appeal.*") (emphasis added).

---

[1] Claimants take no position with respect to movers' willingness to dismiss the cross-claims asserted against each other and the third-party claims asserted by or against other dredging companies such as the Bean entities. (Doc. 207, n. 2).

*Alice L.*, 492 F.3d at 565.  There, the Fifth Circuit found that while the district court's denial of qualified immunity was on appeal, the district court retained the authority to compel the appellant to comply with discovery requests.

In addition, it has been recognized that a trial court has authority to pursue other matters pending in the proceedings while a § 1292(a)(3) appeal is pending.

> This authority is recognized as to other interlocutory appeals under § 1292, and was explicitly recognized in the original version of § 1292(a)(3).  The subsequent omission of the original provision should have no significance.  The power to proceed toward final judgment is increasingly important as expanded opportunities to appeal relatively fragmented dispositions may leave ever-larger portions of a case unfinished and needing prompt disposition.

Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 3927 at 348. Here, the Court is clearly exercising its right to proceed to final judgment where the corollary claims are rendered moot by the previous decision from which the Claimants filed their notice of appeal.  This action is being done for the sake of judicial economy and to avoid fragmented disposition of this matter.

**2.      Dismissal of Third-Party Claim against the United States**

To begin, the Court finds that the Third-Party Complaint is rendered moot as the Court has found that the petitioners in limitation have no liability for the claims pursued by Claimants in Limitation.  *Martin v. Lafon Nursing Facility of the Holy Family, Inc.*, 2007 WL 416378, *2 (E.D.La. Nov. 20, 2007) ("'[A]n entirely separate and independent claim cannot be maintained against a third party under Rule 14, even though it does arise out of the same general set of facts as the main claim.'  Impleader is, therefore, only permitted in those cases in which a third party

is derivatively or secondarily liable to the defendant, *i.e.*, 'the third party's liability [is] in some way derivative of the outcome of the main claim.'").

Here, a Third-Party Complaint was filed on August 29, 2007, by the Claimants. It was initially marked deficient as there was no Motion for Leave to file same. In response to the Clerk's Office's notice, Claimants cited Rule 14(c). However, this rule does not provide the procedural vehicle for such a claim. The rule provides:

> If a plaintiff asserts and admiralty or maritime claim under Rule 9(h), the **defendant or a person who asserts a right under Supplemental Rule C(6)(a)(I)** may, as a third-party plaintiff, bring in a third-party defendant who may be wholly or partly liable–either to the plaintiff or to the third-party plaintiff–for remedy over, contribution, or otherwise on account of the same transaction, occurrence or series of transactions or occurrences.

Fed. R. Civ. P. 14(c)(1). The Claimants are not defendants as contemplated under this rule. "The petitioner in proceedings for limitation of liability pursuant to the limitation statute may implead third parties, and in a limitation of liability action, the district court may permit claimants to cross-claim against each other for damages arising out of the same collision." 70 Am.Jur.2d Shipping § 436. For instance the owner of a shrimping vessel that was found adrift on the high seas with master and crew all dead from asphyxiation filed for limitation of liability was allowed to utilized Rule 14(c) to implead the manufacturer and installer of refrigeration equipment in use on the vessel for their alleged negligence and breach of contract for the installation and manufacture of such equipment. *In re MCAninch*, 392 F. Supp. 96 (S.D. Tex. 1975).

Rule 14(c) is a method by which a maritime defendant who is alleged to be liable for damages may implead a third-party to respond to those claims. Here, the Claimants have filed an independent claim for damages against a party that was not even part of the suit as filed by the Petitioners in Limitation. To the Court's knowledge, reviewing the docket sheet, it would

appear that no claim had been made by the petitioners in limitation against the United States. Furthermore, as stated in *Reynold v. Eveready Marine, Inc.* 2003 WL 21088095, *2 (E.D.La.. May 7, 2003), "[A] third-party complaint relates to secondary or derivative liability only, whether brought under Rule 14(a) or 14(c). It may be asserted only against a non-party to the lawsuit who may be liability to the defendant/third-party plaintiff or the plaintiff himself for the original plaintiff's claim." Obviously, Claimants are not seeking damages for claims against themselves; their claims were against the Limitation Dredgers; it would have been up to those parties to file a Rule 14(c) complaint.

### 3.     Exoneration

Claimants argue that exoneration is no longer available to a Petitioner for Limitation or Exoneration because the Dredging Limitation actions were filed under the authority of 46 U.S.C. § 30501, *et seq.*, which became effective October 6, 2006, and took the place of 46 U.S.C. §183 and §186. Claimants state that the "[w]hile the old statues provided for exoneration from liability, the new statues provide only for limitation." (Doc. 207 at 6). This position is patently without merit.

> Clearly, the Limitation of Liability Act was originally contained in 46 U.S.C.App. §§ 181- 189. In 2006, in order to complete the codification of Title 46, Congress reorganized and restated the laws which formerly appeared in the appendix to that title. Pub.L. No. 109-304, § 2, 120 Stat. 1485 (2006). The Act now appears in chapter 305 of Title 46 at 46 U .S.C. 30501 - 30512. *See id* § 6 , 120 Stat . at 1512. *In re Omega Protein, Inc.,* 2007 WL 803934, *1 (W.D.La. March 13, 2007). As stated in *In re Complaint and Petition of King Fisher Marine Service, L.P.,* 2008 WL 2368730, *1 (S.D.Tex. March 13, 2007):
> The Limitation of Liability Act ("the Act"), 46 U.S.C. §§ 30501 -30512, "allows a vessel owner to limit liability for damage or injury, occasioned without the owner's privity or knowledge, to the value of the vessel or the owner's interest in the vessel." *Lewis v. Lewis & Clark Marine, Inc.,* 531 U.S. 438, 121 S.Ct. 993,

1000, 148 L.Ed.2d 931 (2001). *See also Butler v. Boston and Savannah Steamship Co.,* 130 U.S. 527, 9 S.Ct. 612, 616-17, 32 L.Ed. 1017 (1889) (holding that the right to limit liability extends to claims for personal injury and death). In cases where limitation of liability is at issue, a vessel owner may also seek exoneration from liability. *Id.* at 1003. *See also In re Tetra Applied Technologies L.P.,* 362 F.3d 338, 342 (5th Cir.2004).

*In re Complaint and Petition of King Fisher Marine Service, L.P.*,2008 WL 2368730, *1 (S.D.Tex. May 30, 2008).

**Conclusion**

There is simply no reason that all of the attendant claims in this consolidated limitation should not be dismissed as moot and judgment entered as contemplated by this Court in June. Accordingly,

**IT IS ORDERED** that the Motion to Dismiss Protective Claims, Counterclaims and Third-Party Complaint as Moot and for Entry of Judgment of Exoneration (Doc. 197) is **GRANTED without prejudice**, and this Court shall enter the Final Decree of Exoneration as presented by the Limitation Dredgers and the Bean Entities.

New Orleans, Louisiana, this  20th  day of August, 2008.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT COURT JUDGE